FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -9 PM 3: 04
PD

Gary A. Zipkin, Esq.
Aisha Tinker Bray, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrud.com

Attorneys for Progressive Specialty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY<br><br>    Plaintiff,<br><br> v.<br><br>LORETTA STERNBACH,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) USDC Case No. A05-0184 CV (RRB) |

APPLICATION FOR DEFAULT FINAL JUDGMENT

   Pursuant to Federal Rules of Civil Procedure 54 and 55, plaintiff Progressive Specialty Insurance Company, by and through its attorneys, Guess & Rudd P.C., applies for default judgment against defendant Loretta Sternbach for the reasons set forth in the Memorandum in Support of Application for Default Final Judgment filed herewith.

   DATED at Fairbanks, Alaska, this 7th day of December, 2005

              GUESS & RUDD P.C.

              Attorneys for Specialty Casualty
              Insurance Company

          By: *Aisha J Bray*
          for Gary A. Zipkin
            Alaska Bar No. 7505048

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

Gary A. Zipkin, Esq.
Aisha Tinker Bray, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrud.com

Attorneys for Progressive Specialty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>LORETTA STERNBACH,<br><br>        Defendant. | USDC Case No. A05-0184 CV (RRB) |

MEMORANDUM IN SUPPORT OF
APPLICATION FOR DEFAULT FINAL JUDGMENT

    Pursuant to Federal Rules of Civil Procedure 54 and 55, plaintiff Progressive Specialty Insurance Company is entitled to default judgment against defendant Loretta Sternbach, and requests that the court enter final judgment in this matter in its favor and against Loretta Sternbach.

    Ms. Sternbach had a personal automobile insurance policy with Progressive, Policy No. 01701206-8, effective May 12, 2004 through December 4, 2004. See Exhibit A, Certified copy of Policy No. 01701206-8. On November 11, 2004, Progressive sent Ms. Sternbach a Renewal Declaration Page and a renewal bill and policy

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

information sheet, notifying her that her policy would expire on December 4, 2004 and that she needed to pay the renewal premium indicated to renew her policy. Exhibit B. On November 18, 2004, Progressive sent Ms. Sternbach a Renewal Reminder, reminding her again that her policy would expire on December 4, 2004 unless she paid the renewal premium. Exhibit C. Ms. Sternbach did not pay the renewal premium for the policy and her policy expired on its own terms on December 4, 2004. See Exhibit A at 100073.

Progressive notified Wells Fargo Bank, N.A., the lien holder on Ms. Sternbach's vehicle, that Ms. Sternbach's insurance policy had expired. On or about December 26, 2004, Wells Fargo Bank notified Ms. Sternbach that her Progressive policy has expired and requested evidence of insurance on her vehicle. On January 30, 2005, Wells Fargo Bank notified Ms. Sternbach that due to her lack of insurance on her vehicle, it had purchased forced placed insurance for the vehicle from American Family Home Insurance Company, and that this coverage only protected her loan balance or the value of the vehicle, whichever was less, and did not provide liability or medical payments coverage. Exhibit D & Exhibit E at 3:3-5.

During this time, on January 5, 2005, Ms. Sternbach made an $880.00 payment on her friend Jesse LeBoeuf's Progressive Commercial Auto policy, Policy No. 08081016-8, on-line. See Exhibits F, G, and E at 2:20-25. Ms. Sternbach knew she had

mistakenly made the on-line payment on Mr. LeBoeuf's policy and not her expired policy. In her June 23, 2005 interview, Ms. Sternbach stated, "And I put in under his account instead of my account." Exhibit E at 2:24-25. "But I did find the paperwork where I paid the 880. But it went under my friend's payment, against his policy." Id. at 3:8-10. "And I've got all the Progressive bills and stuff that show the payment was made on the wrong account, and blah, blah, blah." Id. at 5:17-19. "So what I did was I mistakenly put it on my friend's" policy." Id. at 16:7-8. Ms. Sternbach also admitted that she knew she had made a mistake but just did not look into the issue. "And he got some kind of refund back from that. And we were thinking that was odd, but I didn't check into it at that time." Id. at 16:10-12.

On or about May 9, 2005, with Ms. Sternbach asleep behind the back seat of her vehicle, Harold Harrington stole the keys to Ms. Sternbach's vehicle out of her purse, drove her vehicle without her permission, and crashed her vehicle in a single car accident. See Exhibit E. Ms. Sternbach was seriously injured in the accident. Id.

On June 23, 2005, one of Ms. Sternbach's medical care providers contacted Progressive to verify that an insurance claim had been filed as a result of the May 9, 2005 accident on behalf

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 600
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

A05-0184 CV (RRB) Progressive Specialty Insurance Company v. Loretta Sternbach
Memorandum in Support of Application for Default Final Judgment
Page 3

of Ms. Sternbach. Exhibit H at 100,072.[1] No claim had yet been filed, so Progressive immediately opened a claim and began its investigation of the accident. Id. That same day, Gretchen Ruhl contacted Ms. Sternbach regarding the accident and the claim from the medical care provider. Exhibit E. Ms. Sternbach and Ms. Ruhl discussed, *inter alia*, the fact that Ms. Sternbach's policy had expired, Ms. Sternbach had made the $880 payment to the wrong policy, and Mr. Harrington had not had Ms. Sternbach's permission to driver her vehicle. Id. In fact, Ms. Sternbach believed Mr. Harrington was criminally charged with taking a vehicle without authorization. Id. at 8:12.

On June 28, 2005, Progressive sent Ms. Sternbach a letter advising her that it was reserving its right to deny coverage because the May 9, 2005 accident was outside the policy period since the policy expired on December 4, 2004. Exhibit I. On July 6, 2005, Progressive sent Ms. Sternbach a second letter advising her that in addition to the accident being outside the policy period, coverage may not be afforded because the driver, Mr. Harrington, did not have permission to drive her vehicle and was, thus, not an insured person under the policy. Exhibit J.

---

[1] Exhibit H is the opening page of Progressive's PACMAN notes, which are the computerized notes of the adjusters regarding the claim. A complete copy of Progressive's PACMAN notes (redacted for privilege) is available upon request.

A05-0184 CV (RRB) Progressive Specialty Insurance Company v. Loretta Sternbach
Memorandum in Support of Application for Default Final Judgment
Page 4

Progressive July 6, 2005 supplemental letter was based on the policy language for third party bodily injury liability coverage. In relevant part, Ms. Sternbach's expired policy provided,

### PART I - LIABILITY TO OTHERS

**INSURING AGREEMENT — BODILY INJURY**

> Subject to the Limits of Liability, if **you** pay a premium for **bodily injury** liability coverage, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** for which an **insured person** becomes legally responsible because of an **accident** arising out of the ownership, maintenance, or use of a **vehicle** or a **rental vehicle**.
>
> * * *
>
> When used in this Part I:
> 1. "**Insured person**" . . . means:
> * * *
>
> > any person with respect to an **accident** arising out of that person's use of a **covered vehicle** with the express or implied permission of **you** or a **relative**;

Exhibit A at 100080. Since Mr. Harrington stole Ms. Sternbach's vehicle while she was asleep in the back, he was not a permissive driver, and, thus, not an insured person under the policy. Id.

In August 2005, Progressive filed this declaratory judgment action, seeking to declare its rights and responsibilities with regard to the claims made on the Policy. See Complaint for Declaratory Relief. Ms. Sternbach was served with the summons and complaint on September 14, 2005. See Rule 4(1) Proof of Service. On October 25, 2005, this court entered

A05-0184 CV (RRB) Progressive Specialty Insurance Company v. Loretta Sternbach
Memorandum in Support of Application for Default Final Judgment
Page 5

LAW OFFICES OF
Guess & Rudd P.C.
100 CUSHMAN STREET
SUITE 500
FAIRBANKS, ALASKA
99701-4659
(907) 452-8986
FAX: (907) 452-7015

default against Loretta Sternbach for failure to plead or otherwise defend. See Clerk's Notice.

Progressive is now entitled to default final judgment against Ms. Sternbach declaring that her Progressive insurance policy expired on its own terms on December 4, 2004, and, as such, it was not in effect at the time of the accident on May 9, 2005 so there is no coverage under that expired policy for Ms. Sternbach's injuries. Progressive is also entitled to a default final judgment against Ms. Sternbach that, in the alternative, even if the expired policy was in effect, there is no third-party bodily injury liability coverage under the policy because Mr. Harrington was not an "insured person" under the policy since he was not a permissive driver of her vehicle.

Therefore, Progressive requests that the court enter final judgment in favor of Progressive and against Ms. Sternbach on the grounds that her policy expired on its own terms prior to the accident and was not in effect and, alternatively, even if the policy was in effect, the driver was not an insured person because he took the vehicle without her permission.

DATED at Fairbanks, Alaska, this 7TH day of December 2005.

GUESS & RUDD P.C.
Attorneys for Progressive Specialty Insurance Company

By: _____
Gary A. Zipkin
Alaska Bar No. 7505048

TABLE OF CONTENTS

| Exhibit | Description |
|---|---|
| A | Certificate Copy of Progressive Policy |
| B | November 11, 2004 Renewal Declaration Page |
| C | November 18, 2004 Renewal Reminder |
| D | January 30, 2005 Notice from Wells Fargo |
| E | Transcript of Recorded Statement of Loretta Sternbach |
| F | Payment Coupon for Loretta Sternbach |
| G | Payment Coupon for Jesse Leboeuf |
| H | PACMAN Face Sheet Note |
| I | 6/28/05 Reservation of Rights letter to Loretta Sternbach |
| J | 7/6/05 letter to Loretta Sternbach re insured person issue |

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299